## MARCELL v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
June 18, 1928.

No. 5434.

1. **Indictment and information** $\Longleftrightarrow$ **121(4)—Bill of particulars, in prosecution for sale of liquor, held sufficient (National Prohibition Act [27 USCA]).**

In prosecution for sale of liquor in violation of National Prohibition Act (27 USCA), bill of particulars as to the liquor and persons to whom sold *held* sufficient.

2. **Criminal law** $\Longleftrightarrow$ **1035(5)—Disqualification of juror for participation in other case held not available on writ of error, in absence of challenge.**

Disqualification of juror for participation in other trial in which defendant was involved as a party is not available on writ of error, in absence of peremptory challenge or challenge for cause.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

George Marcell was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Charles H. Miller, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and David Spalding, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. [1] This is a writ of error to review a judgment of conviction on two counts of an information charging several violations of the National Prohibition Act (27 USCA). The first nine counts charged unlawful sales of intoxicating liquor on divers dates between October 26 and December 3, 1926; the tenth count charged the unlawful possession of intoxicating liquor on December 3, 1926; and the last count charged the maintenance of a common nuisance between October 26 and December 3, 1926. Three defendants were named in the information and placed on trial, but the plaintiff in error Marcell was alone convicted. Before the trial the defendants moved the court to require the government to furnish a bill of particulars, and the motion was granted to the extent of requiring it to furnish the names of the persons to whom the intoxicating liquor was sold, as charged in the first nine counts of the information, and to state whether the intoxicating liquor described in the ninth and tenth counts was the same. When the case was called for trial, counsel for the plaintiff in error objected to proceeding on the ground that the government had failed to furnish the bill of particulars, as directed by another judge of the same court. The record is much involved, and the nature of the objection thus made does not very clearly appear, but the objection seems to have been based upon the ground that the bill of particulars as furnished was insufficient, not upon the ground that it had not been furnished at all. Viewed in this light, the objection was without merit. The only sales count upon which the plaintiff in error was convicted was count 8, and the bill of particulars specifically stated that the 64 ounces of intoxicating liquor, therein described as wine, was sold to C. G. Green, and the 16 ounces of intoxicating liquor, therein described as distilled spirits, was sold to J. Purvis. The information thus furnished fully satisfied the order of the court and the requirements of the law.

[2] It appeared upon the examination of the jurors that eight of their number had on the forenoon of the same day participated in the trial of another case in which the plaintiff in error was involved as a party. There was some controversy between the court and counsel over the qualification of these jurors, but, inasmuch as no challenge was interposed, either peremptory or for cause, there is no question before us for review.

There is some discussion in the brief as to the instructions of the court, but the only portion of the charge excepted to was later explained, or modified, to the apparent satisfaction of the plaintiff in error.

The judgment is affirmed.